## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

|  |  |
|---|---|
| Peter J. Fehlen, | |
| Plaintiff, | |
| v. | |
| Experian Information Solutions, Inc., | **FIRST AMENDED COMPLAINT AND DEMAND FOR A JURY TRIAL** |
| Equifax Information Services, L.L.C., | |
| CSC Credit Services, Inc., and | |
| SunTrust Mortgage, Inc., | |
| Defendants. | |

COMES NOW the Plaintiff, Peter J. Fehlen, by counsel, and for his First Amended Complaint against the Defendants, pursuant to Fed. R. Civ. P. 15(a)(1)(B), alleges as follows:

### INTRODUCTION

1. This is an action for damages by Peter J. Fehlen against Experian Information Solutions, Inc., Equifax Information Services, L.L.C., CSC Credit Services, Inc., and SunTrust Mortgage, Inc., for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*, *as amended* ("FCRA").

### JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1681p, 28 U.S.C. §1331 and 1337.

3.      Venue is proper in this District pursuant to 28 U.S.C. §1391(b).

## PARTIES

4.      Plaintiff, Peter J. Fehlen, is a natural person and a resident of Burnsville, Minnesota. He is a "consumer" as defined FCRA, 15 U.S.C. § 1681a(c).

5.      Defendant, Experian Information Solutions, Inc. ("Experian"), is a foreign corporation and a "consumer reporting agency" as defined by the FCRA, 15 U.S.C. 1681a(f). Experian assembles or evaluates consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties. It uses means of interstate commerce for the purpose of preparing or furnishing consumer reports.

6.      Defendant, Equifax Information Services, LLC ("Equifax"), is a foreign corporation and a "consumer reporting agency" as defined by the FCRA, 15 U.S.C. 1681a(f). Equifax assembles or evaluates consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties. It uses means of interstate commerce for the purpose of preparing or furnishing consumer reports.

7.      Defendant, CSC Credit Services, Inc. ("CSC"), is a foreign corporation and a "consumer reporting agency" as defined by the FCRA, 15 U.S.C. 1681a(f). CSC assembles or evaluates consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties. It uses means of interstate commerce for the purpose of preparing or furnishing consumer reports.

8.     Defendant, SunTrust Mortgage, Inc. ("SunTrust"), is a Virginia corporation whose principal place of business is located at 901 Semmes Avenue, Richmond, Virginia. SunTrust regularly sells residential mortgages in Minnesota. SunTrust is a furnisher of information to one or more of the other Defendants.

## FACUTAL ALLEGATIONS

9.     On April 25, 2006, Plaintiff purchased real property in Anoka County, Minnesota. The purchase was financed with a loan from Defendant SunTrust ("the Loan"). The Loan was secured with a first mortgage on the property.

10.     In 2008, Plaintiff faced financial difficulties as a result of the downturn in the economy and crash of the housing market. Plaintiff was unable to make payments on the Loan and it went into default.

11.     In 2008, SunTrust initiated a foreclosure by advertisement on Plaintiff's property, pursuant to Minnesota Statute § 580, *et seq*.

12.     Under Minnesota law, a "deficiency judgment is not allowed if a mortgage is foreclosed by advertisement under chapter 580, and has a redemption period of six months under section 580.26, subdivision 1, or five weeks under section 582.032." Minn. Stat. § 582.30, subd. 2.

13.     The foreclosure was completed in May of 2008. As a result of the foreclosure being conducted by advertisement, SunTrust was unable to seek a deficiency judgment. The Loan was fully satisfied by the amount received from the foreclosure sale. *See* Minn. Stat. § 580.225.

3

14.     In 2011, Plaintiff learned that the credit bureaus, including Defendants Experian, Equifax and CSC, were reporting on Plaintiff's credit reports a remaining balance due on the Loan of $295,542.00. In addition, the credit bureaus were reporting late payments for the period following the completion of the foreclosure sale.

15.     Upon information and belief, SunTrust reported to the credit bureaus inaccurate information regarding the Loan. SunTrust knowingly and intentionally reported a balance due on the Loan, despite Minnesota law prohibiting a deficiency judgment and the Loan being fully satisfied pursuant to Minn. Stat. § 580.225.

16.     Throughout the following two years, Plaintiff made repeated phone calls and mailed numerous dispute letters to Defendants SunTrust, Experian, Equifax and CSC, explaining in detail that there was no balance due on the Loan and that it was impossible for Plaintiff to have late payments due after the date of the foreclosure sale. Plaintiff explained that SunTrust had not sought, nor had a right to seek under Minnesota law, a deficiency judgment. Plaintiff included with his dispute letters copies of foreclosure documents and references to Minnesota statutes showing that he did not owe $295,542.00, as his credit reports indicated, and the Loan was satisfied by the proceeds of the foreclosure sale.

17.     Defendants SunTrust, Experian, Equifax and CSC repeatedly responded to Plaintiff's disputes with letters stating that the information being reported about the Loan on Plaintiff's credit report was verified and accurate.

18.    Upon information and belief, Defendants Experian, Equifax and CSC failed to provide notification of the Plaintiff's disputes, including all relevant information received from Plaintiff, to SunTrust.

19.    Upon information and belief, Defendants, Experian, Equifax and CSC failed to delete the inaccurate information in the Plaintiff's credit file after receiving actual notice of such inaccuracies; failed to review and consider all relevant information submitted by Plaintiff; failed to conduct a lawful reinvestigation; failed to conduct a genuine and reasonable reinvestigation in response to Plaintiff's repeated disputes; failed to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file; persisted in reporting information that they knew or should have known to be inaccurate and damaging; and relied on verification from a source they had reason to know was unreliable.

20.    Upon information and belief, Defendant SunTrust failed to conduct an investigation into Plaintiff's dispute; failed to review all relevant information provided by Defendants Equifax, Experian and CSC pursuant to 15 U.S.C. 1681i(a)(2); failed to report the results of its investigation to Defendants Experian, Equifax and CSC; failed to report the results of their investigation, which found that information SunTrust was reporting on Plaintiff was incomplete and inaccurate, to all the credit reporting agencies SunTrust reported the incorrect information to; and failed to modify, delete and permanently block information which was found to be inaccurate, incomplete and unverifiable from the consumer reporting agencies.

21.     As a result of Defendants SunTrust, Experian, Equifax and CSC's conduct, actions and inaction, Plaintiff suffered damages by loss of credit, loss of the ability to purchase and benefit from credit, the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials.

### FIRST CLAIM FOR RELIEF
Failure to Maintain Reasonable Procedures
Violation of the FCRA, 15 U.S.C. § 1681e(b)
(Against Experian, Equifax and CSC)

22.     Plaintiff realleges and incorporates paragraphs 1 through 21 above as though fully set out herein.

23.     Defendants Experian, Equifax and CSC violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintained concerning the Plaintiff.

24.     As a result of this conduct, action and inaction of Defendants Experian, Equifax and CSC, the Plaintiff suffered actual damages by loss of credit, loss of the ability to purchase and benefit from credit, the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials.

25.     Defendants Experian, Equifax and CSC's conduct, actions and inaction were willful, rendering it liable for punitive damages pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

26.    The Plaintiff is entitled to recover costs and attorney's fees from Defendants Experian, Equifax and CSC in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

## SECOND CLAIM FOR RELIEF
Failure to Conduct a Reasonable Investigation
Violations of the FCRA, 15 U.S.C. § 1681i
(Against Experian, Equifax and CSC)

27.    Plaintiff realleges and incorporates paragraphs 1 through 26 above as if fully set out herein.

28.    Defendants Experian, Equifax and CSC violated 15 U.S.C. 1681i on multiple occasions by failing to delete inaccurate information in the Plaintiff's credit file after receiving actual notice of such inaccuracies; by failing to review and consider all relevant information submitted by Plaintiff; by failing to conduct a lawful reinvestigation; by failing to conduct a genuine and reasonable reinvestigation in response to Plaintiff's repeated disputes; by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file; persisting in reporting information that they knew or should have known to be inaccurate and damaging; and relying on verification from a source they had reason to know is unreliable.

29.    As a result of the conduct, actions and inaction of Defendants Experian, Equifax and CSC, the Plaintiff suffered actual damages by loss of credit, loss of the ability to purchase and benefit from credit, the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials.

30.     Defendants Experian, Equifax and CSC's conduct, actions and inaction were willful, rendering it liable for punitive damages pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

31.     The Plaintiff is entitled to recover costs and attorney's fees from Defendants Experian, Equifax and CSC in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

### THIRD CLAIM FOR RELEIF
Failure to Investigate
Violations of the FCRA, 15 U.S.C. § 1681s-2(b)
(Against SunTrust)

32.     Plaintiff realleges and incorporates paragraphs 1 through 31 above as if fully set out herein.

33.     SunTrust violated the Fair Credit Reporting Act, 15 U.S.C. 1681s-2(b) by failing to conduct an investigation with respect to the disputed information; failing to review all relevant information provided by Defendants Equifax, Experian and CSC pursuant to 15 U.S.C. 1681i(a)(2); failing to report the results of the investigation to Defendants Experian, Equifax and CSC; by failing to report the results of an investigation which found that information SunTrust was reporting on Plaintiff was incomplete and inaccurate to all the other credit reporting agencies SunTrust reported the incorrect information to; and by failing to modify, delete and permanently block information disputed by Plaintiff which was found to be inaccurate, incomplete and unverifiable after SunTrust's investigation.

34.     As a result of the conduct, actions and inaction of SunTrust, the Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from credit; and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

35.     SunTrust's conduct, actions and inaction were willful, rendering it liable for actual or statutory, and punitive damages pursuant to 15 U.S.C. § 1681n. In the alternative, SunTrust was negligent entitling Plaintiff to recover actual damages under 15 U.S.C. 1681o.

36.     The Plaintiff is entitled to recover costs and attorney's fees from SunTrust in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 1681o.

## JURY TRIAL DEMANDED

37.     Plaintiff demands a jury trial.

## REQUEST FOR RELIEF

Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendants, based on the following requested relief:

a.  Actual Damages;

b.  Statutory Damages;

c.  Punitive Damages;

d.  Costs and reasonable attorney fees;

e.  Any further relief as may be necessary, just and proper.

Respectfully Submitted,

**HEANEY LAW FIRM, LLC**

Date:  **July 6, 2012**                    **s/ Mark L. Heaney**
                                           Mark L. Heaney, Esq.
                                           Attorney I.D. #0333219
                                           13911 Ridgedale Drive, Suite 110
                                           Minnetonka, Minnesota 55305-1773
                                           Telephone: (952) 933-9655
                                           Facsimile:  (952) 544-1308
                                           Email: mark@heaneylaw.com
                                           ***Attorney for Plaintiff***